UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TROY JACKSON                              CIVIL ACTION NO. 18-cv-1009

VERSUS                                    JUDGE DOUGHTY

VALERY RADCHENKO, ET AL                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Troy Jackson ("Plaintiff") filed suit in state court for damages he sustained in connection with an auto accident. He names as defendants Valery Radchenko, GMT Logistic, Inc., and Westfield Insurance Company ("Defendants"). Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on Defendants to allege specific facts that show complete diversity of citizenship and an amount in controversy that exceeds $75,000.

Defendants' notice of removal alleges that the amount in controversy is more than $75,000 based on Plaintiff's answers to interrogatories. Plaintiff's damages include alleged past medical charges of at least $38,080.89; complaints of severe neck, mid-back, and low back pain; neurosurgical evaluation and/or treatment; bilateral lumbar steroid injections, and ongoing severe pain. Based on these facts, Defendants have met their burden of establishing that the amount in controversy exceeds $75,000.

The notice of removal alleges that Valery Radchenko is a citizen of North Carolina and that Defendant GMT is a corporation organized and existing under the laws of

Michigan with its principal place of business in Wixom, Michigan. The allegations are adequate with respect to these two defendants.

The notice of removal alleges that Plaintiff is "a person of the full age of majority residing in Sibley, Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

The notice of removal also alleges that Defendant Westfield is "a foreign insurance corporation organized and existing under the laws of a state other than Louisiana, and with its principal place of business in a state other than Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

To meet their burden with respect to diversity jurisdiction, Defendants will need to assert specific facts regarding Plaintiff's citizenship and Defendant Westfield's state of incorporation and principal place of business. Defendants will be allowed until **November**

**14, 2018** to file an amended notice of removal and attempt to meet their burden. The court will review the record after that date and determine whether subject matter jurisdiction exists. If not, the case may have to be remanded to the state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of October, 2018.

Mark L. Hornsby
U.S. Magistrate Judge